DLD-174                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 26-2501
_____

UNITED STATES OF AMERICA

v.

FRANK MICHAEL MONTE, III,
                                        Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 3:19-cr-00821-001)
District Judge:  Honorable Robert Kirsch

_____

Submitted By the Clerk for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 30, 2026
Before:  RESTREPO, PORTER, and MONTGOMERY-REEVES, *Circuit Judges*

(Opinion filed August 12, 2026)
_____

OPINION[*]
_____

PER CURIAM

       Frank Monte appeals from the District Court's order denying his motion to modify

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

the terms of his supervised release.  We will affirm.

I.

Monte was convicted of crimes relating to threats against law enforcement officers, and the District Court sentenced him to 57 months in prison followed by three years of supervised release.  Monte did not comply with the terms of his supervised release, so the District Court revoked it and sentenced him to 20 more months in prison followed by 16 more months of supervised release, 12 of which the court required him to serve in a community corrections center (also known as a halfway house).  The court entered that judgment on December 30, 2024.

Monte did not appeal that judgment.  Instead, he later filed a "motion to correct illegal sentence," purportedly under Fed. R. Civ. P. 60(b).  He argued only that the District Court erred in calculating his additional prison term.  He did not mention the imposition of a new term of supervised release or the requirement that he serve 12 months of that term in a halfway house.  The District Court denied the motion to the extent that Monte relied on Rule 60(b) and held that he could proceed only under 28 U.S.C. § 2255, which the court gave him a chance to do.  Monte instead appealed, and we affirmed.  (C.A. No. 25-2331.)

About two months later, Monte was released from prison and began serving his new term of supervised release.  Shortly thereafter, he started requesting modifications of the terms of that release.  His first request was by letter requesting the addition of a term "explicitly stat[ing] that I shall work directly with my assigned probation officer to 'identify and resolve any outstanding administrative or compliance-related matters.'"

2

That letter did not request modification of the requirement that Monte report to a halfway house, but about six weeks later he followed it with a filing that did. In that filing, Monte advised the court that he had suffered a heart attack while still in prison and that recent testing showed that he has coronary artery disease. He argued that his heart attack was caused by stress created by prison conditions and that similar "environmental stressors" at a halfway house would "conflict with [his] medical requirements." But Monte did not provide any medical records or any specifics regarding any treatment he required or any reason to believe he could not receive it while at a halfway house. He nevertheless asked the District Court to vacate the halfway-house requirement for these reasons.

The court initially denied Monte's pro se requests on the ground that it would not consider his pro se filings because it previously appointed stand-by counsel. But that same day Monte filed a supplemental request reiterating his heart condition and asserting with little elaboration that his elderly aunt had fallen down some stairs and required his assistance. The court then denied Monte's requests on the merits.

Monte appealed and filed a motion to stay his obligation to report to a halfway house. A motions panel of this Court denied that motion, and Monte reported as required. Monte also filed a motion to expedite this appeal, and the Clerk advised the parties that the Court would consider taking summary action. The parties have filed responses on that issue, and Monte has filed numerous other motions and documents in support of his appeal.

3

## II.

We will affirm because this appeal presents no substantial question. *See* 3d Cir. L.A.R. 27.4 (2011). Requests to modify a term of supervised release are governed by 18 U.S.C. § 3583(e)(2), and this Court typically reviews the denial of such requests only for abuse of discretion. *See United States v. D'Ambrosio*, 105 F.4th 533, 539 (3d Cir. 2024). We discern none here.

Monte does not directly challenge the District Court's reasons for denying his § 3583(e)(2) motions[1] and, even if he had, the court did not abuse its discretion for the reasons it explained. Monte instead argues that the court erred in imposing the halfway-house requirement in the first place. But Monte did not raise his arguments in that regard before the District Court. His arguments also do not state grounds for relief under § 3583(e)(2) because he could have raised them before by appealing or perhaps in a proper motion under 28 U.S.C. § 2255. *See D'Ambrosio*, 105 F.4th at 539. He did neither.

Finally, as the Government argues, Monte's arguments lack merit. His primary argument appears to be that the District Court exceeded its authority in imposing the halfway-house condition because time in a halfway house counts as prison time. But Monte's time in a halfway house does not count as prison time because the court imposed it as a condition of supervised release. *See United States v. Matta*, 777 F.3d 116, 123-24

---

[1] After responding on the issue of summary action, Monte filed an "emergency motion" asserting that he has the flu and that this development undermines the District Court's reasons for denying his § 3583(e)(2) motions. That development does not undermine the court's ruling because it was not before that court, and it does not otherwise state any basis for relief in this appeal.

(2d Cir. 2015); *United States v. Elkins*, 176 F.3d 1016, 1020-21 (7th Cir. 1999); *United States v. Horek*, 137 F.3d 1226, 1229 (10th Cir. 1998). Nor has Monte raised anything else suggesting that the court erred in imposing or declining to modify that condition.

III.

For these reasons, we will affirm the judgment of the District Court. Monte's motions and other requests for relief are denied.